**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 2204011164, 2208009161, |
| | ) | 2207015239 |
| | ) | |
| HASSAN-HASS EL-ABBADI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  June 5, 2024
Date Decided:  June 27, 2024

## <u>ORDER</u>

Upon consideration of Defendant Hassan-Hass El-Abbadi's ("El-Abbadi") Second *Pro Se* Motion for Postconviction Relief ("Motion"),[1] Superior Court Criminal Rule 61, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On June 5, 2023, El-Abbadi pled guilty to Burglary Second Degree (PN23-02-1849) and Stalking (IN23-02-1848) in the case ending in 1164 (the "A Case"); Non-Compliance with Bond Conditions (IN23-02-1908) in the case ending in 9161 (the "B Case"); and Non-Compliance with Bond Conditions (IN22-10-0295) in the case ending in 5239 (the "C Case").[2]  As a result of El-Abbadi's plea, the State

---

[1] Superior Court Criminal Docket, ID No. 2204011164 ("D.I. _A") at D.I. 30A; Superior Court Criminal Docket, ID No. 2208009161 ("D.I. _B") at D.I. 12B; Superior Court Criminal Docket, ID No. 2207015239 ("D.I. _C") at D.I. 11C (hereinafter "Def.'s Mot. for Postconviction Relief").
[2] D.I. 20A, D.I. 5B, D.I. 4C (hereinafter "Plea Agreement").

entered a *nolle prosequi* on all other charges in his Superior Court cases, as well as the charges he had pending in both the Court of Common Pleas and Family Court.[3]

(2)     On October 20, 2023, the Court sentenced El-Abbadi in all three Superior Court cases.[4]

(3)     El-Abbadi's sentence in the A Case is as follows: for Burglary Second Degree, 8 years at Level V suspended after 2 years, for 6 months Level IV DOC Discretion, followed by 6 months Level III GPS, followed by 12 months at Level III; and for Stalking, 3 years at Level V suspended after 2 years, for 1 year at Level III.[5]

(4)     El-Abbadi's sentence in the B Case is as follows: for Non-Compliance with Bond Conditions, 5 years at Level V suspended after 6 months, for 1 year at Level III.[6]

(5)     El-Abbadi's sentence in the C Case is as follows: for Non-Compliance with Bond Conditions, 5 years at Level V suspended after 6 months, for 1 year at Level III.[7]

(6)     In total, El-Abbadi was sentenced to 5 years of unsuspended Level V

---

[3] Plea Agreement.

[4] D.I. 22A, D.I. 7B, D.I. 6C.

[5] D.I. 22A.  El-Abbadi's probation is to run concurrently.  *Id.*

[6] D.I. 7B.  El-Abbadi's probation is to run concurrently with the A Case, and he is ordered to pay a fine of $1,000.00 plus all surcharges and fees.  *Id.*

[7] D.I. 6C.  El-Abbadi's probation is to run concurrently with the B Case, and he is ordered to pay a fine of $1,000.00 plus all surcharges and fees.  *Id.*

time.[8]  He did not file a direct appeal.

(7)     On November 27, 2023, El-Abbadi filed his first *pro se* motion for postconviction relief in the A Case,[9] which was summarily dismissed on February 8, 2024.[10]  El-Abbadi did not appeal the Court's dismissal of his first motion for postconviction relief.

(8)     In El-Abbadi's second *Pro Se* Motion for Postconviction Relief in the A, B, and C Cases,[11]  El-Abbadi argues (1) he received ineffective assistance of counsel because he was not informed of his appellate rights; (2) counsel failed to present evidence from El-Abbadi's cell-phone that proves his innocence; and (3) there was an unfulfilled plea agreement.[12]

(9)     The Court has engaged in the preliminary consideration of El-Abbadi's Motion as required under Superior Court Criminal Rule 61(d).[13]  For the reasons discussed below, the Court finds that pursuant to Rule 61(d)(2), Rule 61(i)(2), Rule 61(i)(3), and Rule 61(i)(4), El-Abbadi's Motion should be **SUMMARILY DISMISSED**.

(10)   Pursuant to Rule 61(d)(2) a "second or subsequent motion under this

---

[8] D.I. 22A, D.I. 7B, D.I. 6C.
[9] D.I. 25A.  That same day, El-Abbadi filed a *pro se* motion for modification of sentence which the Court denied on February 7, 2024.  D.I. 28A.
[10] D.I. 29A.
[11] Def.'s Mot. for Postconviction Relief.
[12] *Id.*
[13] *See* Super. Ct. Crim. R. 61(d).

rule shall be summarily dismissed, unless the movant was convicted *after a trial*"
and pleads with particularity that (i) "new evidence exists that creates a strong
inference that the movant is actually innocent in fact," or (ii) a new rule of
constitutional law applies to the movant's case.[14]

(11) Rule 61(d)(2)(i) states claims of innocence must be plead with
particularity that "new evidence exists that creates a strong inference" that the
movant is innocent in fact.[15] First, El-Abbadi claims actual innocence, but he waived
trial and pled guilty. Second, El-Abbadi claims he is innocent based on "evidence"
on his cell-phone, but he does not state what this alleged evidence is or how it would
prove his innocence.[16] Third, El-Abbadi claims there is a letter from the victim that
would have proved his innocence, but El-Abbadi does not provide a copy of the
alleged letter, nor does he state how the letter would prove his innocence.[17] El-
Abbadi fails to establish that his purported evidence is new – he claims the evidence
on his phone and letter by the victim never "made it to court."[18] And his purported
evidence does not create a strong inference of factual innocence.

(12) For the sake of completeness, the Court next turns to the procedural

---

[14] Super. Ct. Crim. R. 61(d)(2) (emphasis added). El-Abbadi's first motion for postconviction
relief was only filed under the A Case; however, in its Order denying postconviction relief the
Court addressed all three cases because his guilty plea resolved all three of his Superior Court
cases. *See* D.I. 29A.
[15] Super. Ct. Crim. R. 61(d)(2)(i).
[16] *See* Def.'s Mot. for Postconviction Relief.
[17] *See id.*
[18] *Id.*

bars to relief listed under Rule 61(i).[19] El-Abbadi's Motion is timely;[20] however, it is barred under Rule 61(i)(2), (i)(3), and (i)(4).

(13) Rule 61(i)(2) states that "no second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements" of Rule 61(d)(2)(i)-(ii).[21] As previously discussed, El-Abbadi does not meet the requisite pleading requirements because he was (1) not convicted after trial; (2) he has not made a claim that new evidence exists that proves his innocence; and (3) he has not claimed that a new rule of constitutional law applies to him.

(14) Rule 61(i)(3) states that any ground for relief not previously raised is thereafter barred unless a movant shows "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[22] The exception to Rule 61(i)(3) is typically applied in ineffective assistance of counsel ("IAC") claims.[23] El-Abbadi makes an IAC claim that his counsel did not advise him of his appellate rights or present evidence in his defense; however, because he did not raise this IAC claim in his first motion for postconviction relief, it is now barred. In addition, the Court notes that as part of El-Abbadi's guilty plea, he signed a Truth-

---

[19] *See Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991) ("The first inquiry in any analysis of a post-conviction relief claim is whether the petition meets the procedural requirement of Rule 61.").
[20] El-Abbadi filed this Motion within one year after his judgment of conviction was final.
[21] Super. Ct. Crim. R. 61(i)(2).
[22] Super. Ct. Crim. R. 61(i)(3).
[23] *See Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

in-Sentencing Guilty Plea Form ("TIS Form").[24]  On the TIS Form, in response to the question "Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights: . . . (5) to present evidence in your defense?," El-Abbadi checked the "Yes" box.[25]  El-Abbadi is bound by his representations on the TIS Form.[26]  El-Abbadi cannot now claim his counsel was ineffective for not providing evidence in his defense when El-Abbadi elected to give up that very right by pleading guilty.[27]

(15)  Last, Rule 61(i)(4) states "any ground for relief that was formerly adjudicated . . . in a postconviction proceeding . . . is thereafter barred."[28]  This is El-Abbadi's second postconviction motion claiming he had an unfulfilled plea agreement.[29]  He claims his plea was unfulfilled because the State agreed to cap its unsuspended Level V recommendation at 4 years and he was sentenced to 5 years.[30]  As expressly stated in the Court's February 8th Order, El-Abbadi knew that as a result of his guilty plea he could be sentenced to a maximum of 21 years at Level

---

[24] Plea Agreement.

[25] *Id.*

[26] *See Colburn v. State*, 148 A.3d 1172, 2016 WL 5845778, at *2 (Del. Oct. 5, 2016) (TABLE).

[27] The Court also notes that in response to the question: "Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights: . . . (7) to appeal, if convicted, to the Delaware Supreme Court with assistance of a lawyer?," El-Abbadi checked the "Yes" box.  *See* Plea Agreement.

[28] Super. Ct. Crim. R. 61(i)(4).

[29] *See* Def.'s Mot. for Postconviction Relief.  El-Abbadi additionally filed a motion for sentence modification on the same basis that was denied on February 7, 2024.  *See* D.I. 28A.

[30] *See* Def.'s Mot. for Postconviction Relief.

V.[31] On the TIS Form, in response to the question: "Has anyone promised you what your sentence will be?," El-Abbadi checked the "No" box.[32] The TIS form additionally asked if all of El-Abbadi's answers were truthful and if he read and understood all the information on the form, to which he responded in the affirmative and signed.[33] The issue of El-Abbadi's plea agreement was squarely raised and addressed in his first motion for postconviction relief and is therefore barred.[34]

(16) A movant can overcome a procedural bar to relief by meeting the requirements set forth in Rule 61(i)(5).[35] Rule 61(i)(5) is reserved for claims asserting the court lacked jurisdiction or claims that satisfy the pleading requirements of Rule 61(d)(2)(i)-(ii).[36] As noted above, El-Abbadi has not met the pleading requirements of Rule 61(d)(2)(i)-(ii) and he has not asserted that the Court lacks jurisdiction. Consequently, the Court finds El-Abbadi has not satisfied the requirements of Rule 61(i)(5) to overcome the procedural bars to relief.

---

[31] D.I. 29A. By statute and as listed on the TIS Form, El-Abbadi could be sentenced to a range of 6 months to 3 years at Level V for Stalking; 0 to 8 years at Level V for Burglary Second; and 0 to 5 years at Level V for each count of Non-Compliance with Bond. D.I. 20A, D.I. 5B, D.I. 4C. *See* 11 *Del. C.* § 1312(c) (classifying Stalking as a Class F Felony); *see also* 11 *Del. C.* § 4205(b)(6) (allowing for a maximum of 3 years to be served at Level V for a Class F Felony). *See* 11 *Del. C.* § 825 (classifying Burglary Second Degree as a Class D Felony); *see also* 11 *Del. C.* § 4205(b)(4) (allowing for a maximum of 8 years to be served at Level V for a Class D Felony). *See* 11 *Del. C.* § 2113(c) (allowing for a maximum of 5 years at Level V, or a fine of $5,000, or both, for not complying with bond conditions).
[32] Plea Agreement.
[33] *Id.*
[34] *See* D.I. 29A; Super. Ct. Crim. R. 61(i)(4).
[35] *See* Super. Ct. Crim. R. 61(i)(5).
[36] *Id.*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that El-Abbadi's

Motion for Postconviction Relief is **SUMMARILY DISMISSED**. [37]

_/s/ Jan R. Jurden_
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Brianna M. Mills, DAG
       Hassan-Hass El-Abbadi (SBI #00724418)

---

[37] *See* Rule 61(d)(i)(5) (stating "if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").